IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBRA HENNELLY,<br><br>    Plaintiff,<br><br>    -v-<br><br>PHELAN HALLINAN DIAMOND &<br>JONES, PC et al.,<br><br>    Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

  Plaintiff , DEBRA HENNELLY (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant PHELAN HALLINAN DIAMOND & JONES, PC (hereinafter "Defendant"), for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), individually based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**NATURE OF THE ACTION**

1. Plaintiff brings this action individually seeking redress for Defendant's actions which violate the FDCPA.

2. It was the purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors. See 15 U.S.C. §1692(e).

3. The regulations under the FDCPA include prohibiting debt collectors from making any false, misleading or deceptive representations, from attempting to collect an amount they

are not entitled to, and from attempting to collect an amount they were unable to verify after a dispute.

4. Plaintiff is alleging that Defendant violated section 15 U.S.C. §1692g of the FDCPA.

5. Plaintiff is seeking statutory damages, actual damages, attorney's fees and costs, and declaratory and injunctive relief for the violation of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of New Jersey.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant is a law firm that focuses on debt collection with its principal place of business at 400 Fellowship Road, Mt. Laurel, NJ 08054.

6. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

7. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length

herein.

14. Some time prior to July 6, 2015, an obligation was allegedly incurred to PHH Mortgage Corporation.

15. The PHH Mortgage obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged PHH Mortgage obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. PHH Mortgage is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the PHH Mortgage debt is past due.

19. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

20. On or about July 6, 2015, Defendant sent the Plaintiff a collection letter in an attempt to collect the PHH Mortgage bill. See **Exhibit A.**

21. The letter was received and read by the Plaintiff.

22. The letter stated in part:

> "If you notify our office in writing within the 30 day period that the debt or any portion thereof is disputed, we will obtain and provide you with verification of the debt by mail."

23. Upon information and belief, this letter was the first communication from the Defendant to the Plaintiff with regard to this alleged debt.

24. On July 31, 2015, within thirty days of receipt of said letter, the Plaintiff mailed a dispute letter to Defendant with regards to the alleged debt and requested verification. See **Exhibit B.**

25. Sometime after July 31, 2015, Plaintiff became aware that the Defendant had initiated a foreclosure lawsuit against the Plaintiff.

26. Despite being notified that the Plaintiff disputed the debt within the thirty day validation period, the Defendant continued collection activity before properly validating the alleged debt.

27. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

28. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

29. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

30. Once a consumer makes a timely, written notice of dispute to the debt collector, the debt collector is required by law to cease collection of the account until verification of the debt is obtained.

31. By continuing to collect on this alleged debt, the Defendant caused the Plaintiff real harm.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692g** *et seq.*

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 U.S.C. § 1692g.

34. Pursuant to 15 U.S.C. § 1692g(b), if a consumer notifies a debt collector in writing within 30 days of receipt of the initial letter that the consumer is disputing the alleged debt, a debt collector shall cease all collection activities until they are able to verify the entire debt.

35. The Defendant violated said section by continuing to collect the alleged debt after the Plaintiff disputed the debt, prior to validating the debt.

36. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g(b) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: March 13, 2017                             */s/ Ari Marcus*

        Ari Marcus, Esq.
        MARCUS ZELMAN, LLC
        1500 Allaire Avenue, Suite 101
        Ocean, New Jersey 07712
        (732) 695-3282 telephone
        (732) 298-6256 facsimile
        *Attorneys for Plaintiff*

        */s/ Yitzchak Zelman*
        Yitzchak Zelman, Esq.
        MARCUS ZELMAN, LLC
        1500 Allaire Avenue, Suite 101
        Ocean, New Jersey 07712
        (732) 695-3282 telephone
        (732) 298-6256 facsimile
        *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

        */s/ Ari Marcus*
        Ari Marcus, Esq.

Dated:  March 13, 2017

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 13, 2017

        */s/ Ari Marcus*
        Ari Marcus, Esq.